questions which were previously objected to by the State. Order affirmed, with costs. Herlihy, P. J., Greenblott, Sweeney and Main, JJ., concur; Reynolds, J., concurs in the following memorandum. Reynolds, J. (concurring). While I have some doubt as to whether the questions put to the witness Helmer call for expert testimony or lay testimony, I have no doubt that plaintiff's counsel believes that he has the right to ask questions which call for expert opinion at the examination before trial, as evidenced by the record where he flatly so states and his affidavit wherein he states he "seeks a further examination before trial specifically for the purpose of obtaining professional or medical opinions". I further believe that the Court of Claims was under the same mistaken belief as witness his order appealed from.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT ROY ROCK, Appellant.—Appeal from a judgment of the County Court of Clinton County, rendered September 29, 1972, upon a verdict convicting defendant of the crime of murder in the first degree. In September, 1967 the Grand Jury of Clinton County indicted defendant for the crime of murder in the first degree. On October 14, 1967 the court found defendant incompetent to stand trial and he was committed to Matteawan State Hospital where he remained until October, 1970. He was subsequently brought to trial, waived a jury and relied on section 20.05 of the Penal Law as a defense. By a judgment rendered September 29, 1972 he was found guilty of murder in the first degree. This appeal ensued. We have examined the three issues raised by defendant and conclude that all lack merit and only one requires comment by us. Defendant contends that the prosecution failed to establish beyond a reasonable doubt that he was sane at the time of the homicide. Initially, the defendant offered expert medical proof to the effect that he was insane as defined by section 30.05 of the Penal Law. The prosecution countered with medical testimony that defendant was sane. Consequently, the record contains conflicting opinions by qualified psychiatrists as to defendant's sanity. The court had the right to accept or reject the opinion of any expert as to defendant's mental capacity. (People v Buthy, 38 AD2d 10.) Implicitly, the Trial Judge accepted the proof presented by the prosecution. The issue, therefore, narrows to whether or not that proof was sufficient to establish defendant's sanity beyond a reasonable doubt. We believe that it was. One of the psychiatrists called by the People had been associated with the Utica State Hospital for 25 years. He was a Fellow of the American Psychiatrists Association. He examined the defendant some eight weeks prior to the act in question. He testified unequivocally, withstanding an extensive cross-examination by experienced counsel, that defendant was sane as contemplated by section 30.05 of the Penal Law. On the other hand, the psychiatrist who testified on behalf of defendant did not examine the defendant until some five years after the homicide. Considering the record in its entirety, we are of the view that the prosecution established defendant's sanity beyond a reasonable doubt and the judgment should be affirmed. Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Larkin and Reynolds, JJ., concur.

■ SAFARETS, INC., et al., Appellants, v GANNETT Co., INC., et al., Respondents.—Order and judgment, Supreme Court, Broome County, entered on December 30, 1974, affirmed, without costs, on the opinion of Swartwood, J., at Special Term. Herlihy, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur. [80 Misc 2d 109.]

■ In the Matter of DAVID B. BARNES et al., Respondents, v EDWARD C. MAGUIRE et al., Constituting the Board of Water Supply of the City of New