◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK B. SEARS, Appellant.—Appeal from a judgment of the County Court of Tioga County, rendered March 19, 1976, upon a verdict convicting defendant of

the crime of manslaughter in the first degree. Carl Johnson was killed on April 23, 1975 at a gathering of friends in the cabin home of one Bruce Dunnett and his wife on Candor Hill Road, Tioga County, New York. He died as the result of being stabbed once in the chest with a butcher knife wielded by the defendant who, immediately thereafter, was heard by a number of eyewitnesses to proclaim, "I've won. I've killed the devil." At his trial on a charge of second degree murder, defendant attempted to establish that at the time of the stabbing, as a result of mental disease or defect, he lacked substantial capacity to know or appreciate either the nature and consequence of his conduct or that such conduct was wrong (Penal Law, § 30.05). Conflicting testimony by well qualified experts in the field of psychiatry and psychology was presented on that issue, but, by their rendition of a verdict of guilty on the lesser included offense of first degree manslaughter, the jury resolved that conflict and determined the defendant was sane when he committed the homicidal act. In our view the prosecution sustained its burden of proof that beyond a reasonable doubt the defendant was criminally responsible for his conduct and the verdict of the jury is supported by the evidence (People v Silver, 33 NY2d 475; People v Kelly, 302 NY 512; People v Spinks, 37 AD2d 424). Defendant's assertion that the colloquy between the jury foreman, the court and his attorney concerning a verdict on the charge of murder, second degree, raised issues requiring a new trial is without merit. No attempt was made to clarify any ambiguity as developed from the various statements of the foreman (see Matter of Oliver v Justices of N. Y. Supreme Ct. of N. Y. County, 36 NY2d 53) and, after polling the jury, the verdict as rendered was duly affirmed by each juror. Defendant's other contention that the admission into evidence of the victim's shirt inflamed the passion of the jury is also unpersuasive for, under the circumstances, the victim's clothing was of probative value (People v Pobliner, 32 NY2d 356, cert den 416 US 905). Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.