■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BELL, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered March 31, 1977, upon a verdict convicting defendant of the crime of murder in the second degree. On July 6, 1976 defendant shot and killed his former wife, Karen Bell, with a rifle. At his arraignment, defendant pleaded not guilty by reason of mental disease or defect (Penal Law, § 30.05, subd 1) and served upon the People a notice of such defense (CPL 250.10). At trial, the defendant's medical expert gave as his opinion that defendant, at the time of the shooting, was suffering from a paranoid schizophrenia and, consequently, did not know the wrongfulness or the nature and consequences of his act. In response to this proof and in satisfaction of its burden of going forward and establishing defendant's sanity beyond a reasonable doubt (*People v Congilaro,* 60 AD2d 442, 454), the People called two eminently qualified psychiatrists, each of whom, after a thorough review of defendant's medical records and personal interviews with defendant, gave an opinion that defendant was sane at the time of the killing. It is, of course, the general rule that where conflicting expert testimony is presented, the question of sanity is for the jury (*People v Wood,* 12 NY2d 69). Further, the jury has the right to accept or reject the opinion of any expert (*People v Buthy,* 38 AD2d 10, 12). This court recently explained that where, as here, there is an absence of a serious flaw in the testimony of the People's experts, the jury's finding of sanity will not be disturbed (*People v Mainville,* 59 AD2d 809). Defendant's next contention, while not grounds for reversal, merits comment. On October 18, 1976 an Assistant District Attorney served a Grand Jury subpoena on defendant's uncle directing him to appear on October 20, 1976 to give testimony concerning the charges against defendant, when, in fact, defendant had been indicted on August 2, 1976. On October 20, the Assistant District Attorney took a statement from the defendant's uncle which, later, the trial court refused to suppress. Since the uncle was not a prospective defense witness, no right of the defendant was violated. Further, since the People could issue a subpoena for a witness to attend court and testify (CPL 610.20), it appears that no substantive wrong was committed. However, we do not condone the use of the process to serve the convenience of the District Attorney's office and caution that the spirit as well as the letter of the law should be honored. Defendant's contention based on the alleged inflammatory summation of the prosecutor is rejected. No objection to the District Attorney's

remarks was taken, and we find nothing in the record that would cause us to reverse in the interests of justice (CPL 470.15, subd 3, par [c]; *People v Musolino,* 54 AD2d 22, 26, cert den 430 US 935). We find it unnecessary to comment on defendant's contention that the Trial Judge should have disqualified himself because of an alleged acquaintance with the deceased wife's father, a fact the Judge denied. Judgment affirmed. Mahoney, P. J., Kane, Staley, Jr., Larkin and Herlihy, JJ., concur.