■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RAYMOND LAMENDOLA, Appellant.—Appeal from a judgment of the County Court of St. Lawrence County, rendered July 17, 1978, upon a verdict convicting defendant of the crime of murder in the second degree. On December 3, 1977, defendant arrived at the 284 Club, a bar in the Village of Massena, New York, at approximately 2:00 P.M. and drank until about 6:30 P.M., when the bartender, John Carroll, refused to serve him any more drinks because of his annoying behavior involving a waitress. Defendant then remained at the bar for the next several minutes complaining to customers about his having been "cut off" by Carroll. Prior to leaving the bar about 7:00 P.M., defendant stated that he would get a rifle and shoot the bartender. Defendant returned to the bar 15 minutes later, aimed a rifle at John Carroll and shot him in the head, killing him. Defendant was then subdued and held by customers until the police arrived. He was subsequently indicted and charged with murder in the second degree in violation of subdivisions 1 and 2 of section 125.25 of the Penal Law. At trial, the defense was based solely on mental disease or defect as set forth in section 30.05 of the Penal Law. The defense presented one psychiatrist, Dr. Walter J. Hewko, who testified in substance that the defendant suffered from "latent schizophrenia" and, that at the time of the incident, he lacked substantial capacity to know and appreciate that his conduct was wrong. The prosecution presented two psychiatrists in rebuttal who testified that although suffering from an antisocial personality, defendant's condition did not fit within section 30.05 of the Penal Law. One of the psychiatrists presented by the prosecution, Dr. Shafer, had originally examined the

defendant at the defendant's request for the purpose of forming an opinion as to defendant's sanity. Dr. Shafer found defendant to be sane and was not called as a witness by the defense. However, the prosecution brought out several times during the course of the trial that Dr. Shafer had initially examined defendant at defendant's request. On appeal, defendant's central contention is that the People failed to prove defendant's sanity beyond a reasonable doubt in light of the psychiatric testimony of Dr. Hewko that defendant lacked substantial capacity to know or appreciate that his conduct was wrong. We disagree. When there is a conflict in valid, persuasive psychiatric testimony, the question of defendant's sanity is for the jury *(People v Silver,* 33 NY2d 475). Dr. Ian Kerr, a psychiatrist who testified for the People, examined the defendant on two occasions, reviewed four reports (including Dr. Hewko's report) and conducted a "cross section" study. Additionally, two lay witnesses related facts which tended to negate defendant's contention that he was not aware that his conduct was wrong at the time he fired the rifle. Here, since there was conflicting evidence on the question of defendant's sanity, only a "serious flaw" in the People's evidence would require a reversal of the jury's verdict *(People v Bell,* 64 AD2d 785). The defendant points to no such "serious flaw" in the testimony offered by the People. Defendant's contention that the prosecution's use of the testimony of Dr. Shafer, who had originally been consulted by the defendant, was error as a violation of the physician-patient and attorney-client privileges must be rejected *(People v Edney,* 39 NY2d 620). Further, the defendant failed to object at trial to the prosecution's references to the fact that the defendant had first contacted Dr. Shafer for an opinion, precluding appellate review of that issue *(People v Bell, supra; People v Musolino,* 54 AD2d 22). Next, defendant argues that the prosecutor's remarks on summation, wherein the District Attorney expressed his belief that Dr. Kerr was more worthy of belief than Dr. Hewko due to a certain vagueness in Dr. Hewko's opinion, constituted reversible error. The defendant did not object to these remarks at the trial and the issue, therefore, has not been preserved for our review. We note, however, that the prosecutor's remarks were related to trial evidence and not a naked expression of his personal feeling. Thus, the remarks, if error, would not be so serious as to warrant reversal in the interests of justice in the light of defendant's failure to object at trial. Defendant seeks to raise issues on this appeal regarding the charge of the court in the absence of any request to charge differently and any exception to the charge. This failure precludes review on appeal *(People v Utley,* 45 NY2d 908). Moreover, these alleged errors lack substance and are meritless. We have considered the defendant's other points raised in his brief and, likewise, find them without merit. Judgment affirmed. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.