■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAYDON BASKERVILLE, Appellant. — Appeal from a judgment of the County Court of Clinton County (Goldman, J.), rendered October 30, 1981, upon a verdict convicting defendant of the crimes of robbery in the first degree and criminal possession of stolen property in the first degree. At approximately 8:50 A.M. on April 11, 1981, a man described as a black male in his early twenties held up the base exchange at the Plattsburgh Air Force base, escaping with $29,250 in small bills wrapped in Air Force base wrappers and placed in a brown plastic garbage bag. Witnesses identified him as wearing a blue sweatjacket with its hood pulled over his forehead and a towel over his mouth, medium green sweat pants, and white, green-striped athletic shoes with green laces. His left hand, wrapped in a towel, held a black object which one witness testified she thought was a gun. At about noon that same day, defendant arrived at a local Buick dealer to pick up a specially ordered new car. The car had been available for several weeks, but defendant had been unable to raise sufficient funds to pay for it after numerous attempts at local lending institutions. On this occasion, however, he made a $5,879 down payment in cash from six bundles of $20 bills of $1,000 each, bound in Plattsburgh Air Force base exchange wrappers dated April 10, 1981. This money, together with other funds used to purchase insurance, was turned over to the New York State Police. The ensuing investigation and search of defendant's barracks dormitory room produced clothing fitting the exact description of the clothing worn by the perpetrator of the robbery as given by those who witnessed it. A plaster of Paris cast of a footprint near the scene of the robbery closely compared with green and white sneakers worn by defendant, and was identical in size and design to one found in his room. A chemical analysis of a trash can liner found in defendant's dresser drawer was of identical formula and manufacture as those used to line trash cans at the base exchange. All of this evidence, as well as direct statements made by defendant, were admitted into evidence at trial. Defendant's denials and his explanation of his activities were not accepted by the jury and, in our view, the evidence submitted by the prosecution was more than sufficient to establish proof of guilt beyond a reasonable doubt. Nor do we find any merit in defendant's contention that the prosecution exceeded reasonable bounds in summation or in cross-examination of defendant (*People v Anthony*, 24 NY2d 696; *People v Douglas*, 36 AD2d 994, affd 30 NY2d 592). The

court, in its charge, properly instructed the jury as to the elements necessary for a verdict of robbery in the first degree and particularly as they should be applied to the facts of this case. Its instruction, dealing with circumstantial evidence, fulfilled all legal requirements (see *People v Smith,* 63 AD2d 661). Moreover, there being no objection or request to charge on these issues, they are not preserved for review (*People v Lamendola,* 70 AD2d 685) and, in any event, in view of the overwhelming proof of guilt, there is no basis for consideration of a reversal in the interest of justice (*People v Gonzalez,* 77 AD2d 654, affd 56 NY2d 1001). Other issues raised by defendant are, in our view, also without merit. Judgment affirmed. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.