■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GONZALEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (McNab, J.), rendered May 12, 1981, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence. ¶ Judgment affirmed. ¶ Under the circumstances of this case, it was not incumbent upon the People to present psychiatric testimony to sustain their burden of proving defendant's sanity beyond a reasonable doubt (see *People v Silver,* 33 NY2d 475; *People v Lancaster,* 65 AD2d 761). Defendant claimed that he was under the delusion that the deputy sheriff he fatally wounded was an agent of an international Communist conspiracy who had come to harm him. Although the psychiatric testimony proved that defendant suffers from a mental disease, the trier of fact could have reasonably concluded that defendant was criminally responsible for his conduct because he was not experiencing any delusion at the time he shot the deputy sheriff as evidenced by a recording of a 911 telephone call made by defendant to the police immediately prior to the shooting and statements made after his arrest by both defendant and his wife, who were the only eyewitnesses to the shooting. Neither defendant nor his wife ever made a claim in said statements that defendant believed the deputy sheriff, who was serving an eviction notice on defendant, was a Communist agent employed by Fidel Castro to kill defendant and his family. Accordingly, the trier of fact could reasonably conclude that no delusion existed at the time of the offenses and could rely on the presumption of sanity as establishing defendant's culpable mental state beyond a reasonable doubt. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.