THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSEMARY GILBERT, Also Known as SYLVIA PAIGE, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered April 18, 1983, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the second degree and grand larceny in the third degree. ¶ Defendant leased six typewriters, purportedly on behalf of the State University of New York, falsely representing herself to be an employee thereof. On May 7, 1982, defendant sold one of the typewriters for $850. She was subsequently indicted for the crimes of criminal possession of stolen property in the second degree and grand larceny in the third degree. Defendant then filed a notice of the defense of lack of criminal responsibility by reason of mental disease or defect (Penal Law, § 30.05). Following a nonjury trial, County Court rejected this defense and found defendant guilty as charged. ¶ On this appeal, defendant contends that the People failed to disprove her defense of insanity beyond a reasonable doubt. We disagree. At trial, defendant presented three expert medical witnesses, all of whom had interviewed and/or treated defendant within the year prior to the incident in question. The sum of their testimony was that defendant had suffered from a manic-depressive type psychosis and that she had been treated with lithium from August, 1981 to April, 1982 to stabilize her moods. However, none of these witnesses could substantiate defendant's claim that she was not criminally responsible for her conduct, pursuant to the terms of section 30.05 of the Penal Law, on the date in question, May 7, 1982, because she was suffering from a mental condition which rendered her substantially unable to apprehend the "nature and consequence of [her] conduct" or to understand that "such conduct was wrong". One of the three had not seen defendant since July, 1981. The second and third last saw her in February, 1982 and March, 1982, respectively, and both testified that she was asymptomatic the last time they saw her. ¶ The People presented two expert medical witnesses. The first, Dr. Walter Osinski, had interviewed defendant numerous times since 1976 in his role as psychiatrist and consultant to the Albany County Jail. He disagreed with the defense witnesses' diagnosis of manic depression, saying that he had found no evidence thereof in the course of his experience with defendant. Further, he stated that he examined defendant shortly before and after the crimes in question, on March 12 and May 17, 1982, and at those times defendant exhibited no signs of mental illness. He concluded that she was not suffering from a mental condition on the day in question, which would diminish her capacity to appreciate the nature or

consequences of her actions. The People's second expert witness was a clinical psychologist who conducted tests and interviews of defendant on May 19, 1982, and in August, 1982 and February, 1983. She testified that her findings revealed no symptoms of manic behavior and that, in her opinion, defendant had been capable of understanding the nature and consequences of her behavior on the date in question. ¶ It is well established that where conflicting medical testimony is offered, the question of sanity is for the trier of fact, who has the right to accept or reject the opinion of any expert (*People v Bell,* 64 AD2d 785; *People v Rock,* 49 AD2d 666, affd 42 NY2d 845). Given the conflicting testimony presented at trial, with particular note being taken of the fact that none of defendant's experts could offer an opinion as to her sanity at the time of the crimes, it is clear that County Court could properly find that the prosecution had established defendant's sanity beyond a reasonable doubt. ¶ Defendant's second contention is that she was denied effective assistance of counsel. However, there is no evidence to support this argument in the record. Her counsel's alleged failure to elicit testimony from the defense witnesses regarding defendant's mental condition on the date in question was not the fault of counsel, but was attributable to the witnesses' candidly expressed inability to render an opinion on this question. ¶ Similarly unavailing is defendant's contention that the trial court denied her a fair trial by assuming the prosecutor's role in questioning her medical experts. In this nonjury trial, the risk of prejudicing the jury by this behavior was nonexistent (cf. *People v Yut Wai Tom,* 53 NY2d 44). The court, through its questions, was attempting to ascertain whether the witnesses could offer opinions as to the ultimate issue in the case — defendant's mental condition on May 7, 1982 (see *People v Ellis,* 62 AD2d 469). Since it is the duty of the trial court to clarify issues and develop significant facts, the court's questioning of defendant's witnesses in this case was entirely proper (see *People v Jamison,* 47 NY2d 882, 883-884). ¶ Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.