■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v ROBERT J. JANDELLI, Appellant-Respondent.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered November 15, 1982, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Cross appeal by the People from the sentence imposed on the defendant's conviction of murder in the second degree of from 7½ years to life imprisonment.

Judgment modified, on the law, by vacating the sentence imposed on the defendant's conviction of murder in the second degree of 7½ years to life imprisonment. As so modified, judgment affirmed, and matter remitted to the Supreme Court, Queens County, for resentence in conformance with Penal Law § 70.00.

Late in the evening of January 29, 1981, the defendant killed his sister by striking her about the head repeatedly with a hammer and then slitting her throat with a knife. The defendant pleaded not guilty by reason of mental disease or defect (Penal Law former § 30.05). At trial, the defendant's medical expert opined that the defendant, at the time of the killing, was acting in conformance with one who experienced an attack of Penfield's Automatism and, consequently, did not know the wrongfulness or the nature and consequences of his acts. The People's medical experts gave opinions that ruled out Penfield's Automatism based on examinations and the defendant's medical records, and concluded that he was sane at the time of the killing.

The defendant contends, *inter alia,* that the People did not prove him sane beyond a reasonable doubt *(see,* Penal Law former § 30.05; Penal Law § 25.00; *People v Silver,* 33 NY2d 475). We do not agree. It is the general rule that where conflicting expert testimony is presented, the question of sanity is for the jury *(see, People v Wood,* 12 NY2d 69, 77). The jury has the right to accept or reject the opinion of any expert

and where, as here, there is an absence of a serious flaw in the testimony of the People's experts, the jury's finding of sanity will not be disturbed (see, People v Bell, 64 AD2d 785).

We have reviewed the defendant's remaining contentions and find them to be without merit.

The People contend that the minimum term of the defendant's sentence of 7½ years to life imprisonment for murder in the second degree is unauthorized by statute (see, Penal Law § 70.00 [2] [a]; [3] [a] [i]). We agree. Penal Law § 70.00 (3) (a) (i) mandates a minimum period of imprisonment of not less than 15 years nor more than 25 years. The defendant must be resentenced accordingly. Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.