■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PARMES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Broomer, J.), rendered July 16, 1982, convicting him of murder in the second degree, attempted murder in the second degree, and

criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

At trial, the defense was lack of criminal responsibility by reason of a mental disease or defect. The defendant's expert witness testified that because the defendant suffered from the relatively rare form of mental illness known as "intermittent explosive disorder" at the time of his acts, he lacked the capacity to appreciate the nature of his actions and could not realize that his conduct was wrong. In rebuttal, the People's expert, who, after reviewing the defendant's medical records and statements to the police, had examined him for a period of 2½ hours, testified that the defendant had not suffered from intermittent explosive disorder and was able to appreciate the nature of his wrongful acts.

Where conflicting medical testimony is offered, the question of sanity is for the trier of fact to decide (see, People v Gilbert, 103 AD2d 967; People v Rock, 49 AD2d 666, affd 42 NY2d 845). As there was no serious flaw in the testimony of the People's expert, the Trial Judge's finding of sanity should not be disturbed on appeal (see, People v Mainville, 59 AD2d 809; People v Wood, 12 NY2d 69, 77; cf. People v Higgins, 5 NY2d 607; People v Slaughter, 34 AD2d 50).

With regard to the defendant's remaining contention, the record establishes that the defendant offered no reasonable explanation or excuse for his alleged extreme emotional disturbance (see, People v Casassa, 49 NY2d 668, 678-679, cert denied 449 US 842; Penal Law § 125.25 [1] [a]). Lazer, J. P., Mangano, Lawrence and Eiber, JJ., concur. [See, 114 Misc 2d 503.]