■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY HICKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered July 15, 1985, convicting her of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions on appeal, the record discloses that the People met her claimed defense of justification with ample evidence tending to establish that the stabbing involved was not justifiable. At trial, the People produced a police witness through whom the prosecutor elicited the defendant's incriminatory postarrest account of the stabbing which differed materially from her exculpatory trial testimony regarding the incident. The defendant's admissions, accordingly, formed the evidentiary basis from which the trier of fact could rationally conclude, beyond a reasonable doubt, that the defendant was not, in fact, faced with deadly force immediately prior to her fatal stabbing of the victim and that her own use of deadly force was, therefore, unjustified (see, Penal Law § 35.15 [2]; cf. People v Hanley, 112 AD2d 1048, 1049; People v Boute, 111 AD2d 398, 399).

The defendant further contends that the People did not prove her sanity beyond a reasonable doubt (see, Penal Law

former § 30.05 [now § 40.15]; Penal Law § 25.00; *People v Silver,* 33 NY2d 475). We do not agree. It is the general rule that where conflicting testimony is presented the question of sanity is for the trier of fact, which has the right to accept or reject the opinion of any expert *(see, People v Wood,* 12 NY2d 69, 77; *People v Buthy,* 38 AD2d 10, 12-13). Here, the trier of fact could have properly inferred from the conflicting evidence that the defendant was criminally responsible for her conduct when the crime in question was committed *(see, People v Wood, supra,* at p 77; *People v Breeden,* 115 AD2d 484). Where, as at bar, there is an absence of a serious flaw in the testimony of the People's expert, the determination of the trier of facts on the issue of sanity will not be disturbed *(see, People v Robertson,* 123 AD2d 795; *People v Amaya,* 122 AD2d 888; *People v Jandelli,* 118 AD2d 656; *People v Bell,* 64 AD2d 785). Mollen, P. J., Brown, Niehoff and Kooper, JJ., concur.