■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIOT MARKOWITZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.),

rendered November 1, 1985, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the People proved beyond a reasonable doubt the defendant's criminal responsibility for the fatal stabbing of his acquaintance (see, Penal Law former § 30.05, now § 40.15 [L 1984, ch 688, § 3]; see also, Penal Law § 25.00). Although the evidence indicated that the defendant suffers from a "schizo-affective" disorder, the People's expert was of the opinion that the defendant was not experiencing any delusions at the time he committed the stabbing (cf., People v Gonzalez, 100 AD2d 913). This expert's testimony contains no serious flaw (see, People v Hicks, 125 AD2d 332, 333, lv denied 69 NY2d 881; People v Jandelli, 118 AD2d 656, lv denied 68 NY2d 668), and we note that one of the defendant's experts acknowledged on cross-examination that the defendant knew he was inflicting fatal injuries and agreed that the defendant knew his actions would "run afoul of the law". By its rendition of a guilty verdict on the lesser included offense of manslaughter in the first degree (see, People v Patterson, 39 NY2d 288, 302, affd 432 US 197; cf., People v Sears, 58 AD2d 693), the jury concluded that the defendant had the capacity to understand the nature and consequences of his conduct and knew that his conduct was wrong (see, People v Wood, 12 NY2d 69). We discern no basis for disturbing that finding.

We do not agree with the defendant's contention that prosecutorial misconduct during summation deprived him of a fair trial. While the prosecutor improperly denigrated the defendant's experts and his defense (see, People v Wood, supra, at 77-78; People v Langert, 105 AD2d 845, 846), the defendant's present claims with respect thereto are not preserved for appellate review and, in any event, the remarks do not warrant reversal (see, People v Langert, supra, at 846). Moreover, the prosecutor's summation was not otherwise unreasonable when evaluated in light of that of the defense (see, People v Colon, 122 AD2d 151).

Finally, the defendant's sentence is not excessive. Thompson, J. P., Bracken, Lawrence and Harwood, JJ., concur.