■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN BRIECKE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered June 3, 1985, convicting him of burglary in the first degree, assault in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The People proved the defendant's criminal responsibility for the crimes for which he was convicted *(see,* Penal Law former § 30.05, now § 40.15; *see also,* Penal Law § 25.00). Generally, where conflicting expert testimony is presented, the question of sanity is primarily for the jury *(see, People v Wood,* 12 NY2d 69, 77; *People v Buthy,* 38 AD2d 10, 12-13). The jury has the right to accept or reject the opinion of any expert and where, as here, there is an absence of a serious flaw in the testimony of the People's expert, the jury's resolution of the issue of sanity will not be disturbed *(see, People v Markowitz,* 133 AD2d 379, *lv denied* 70 NY2d 934; *People v Hicks,* 125 AD2d 332, *lv denied* 69 NY2d 881; *People v Jandelli,* 118 AD2d 656, *lv denied* 68 NY2d 668).

The trial court's decision to make the term of imprisonment for the conviction for grand larceny in the third degree consecutive to the concurrent terms imposed for the convictions of burglary in the first degree and assault in the first degree was proper. At bar, the People relied upon the assault and not the grand larceny offense to provide a material element of the burglary conviction *(see,* Penal Law § 140.30 [2]). Thus even though all the crimes occurred during a continuous course of activity, the burglary and grand larceny offenses constituted separate and distinct acts, and none of the completed offenses was a material element of the other *(see,*

Penal Law § 70.25 [2]; *People v Brathwaite,* 63 NY2d 839, 842-843; *People v Walsh,* 44 NY2d 631). Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.