■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE MITCHELL, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant, who is mentally retarded, was convicted, following a bench trial, of murder in the second degree (Penal Law § 125.25 [1]) for stabbing Christopher Millhouse to death with a knife, following an altercation on a city street in Syracuse. On appeal, defendant contends that the evidence was legally insufficient to convict him because the People failed to prove beyond a reasonable doubt that he possessed the requisite intent to kill the victim. He also claims that the verdict was against the weight of the evidence.

The proof clearly established that defendant stabbed the victim in the chest, causing his death. The critical issue at trial was whether defendant, as a result of his mental retardation and low I.Q., in the 60's range, was able to form the intent to kill needed to support the murder conviction. At trial, defendant presented the expert testimony of a psychologist who testified that, in his opinion, "it is possible, but not likely, that [defendant] was able to form the intent to kill" in the circumstances presented in this case. The People's expert psychiatrist, on the other hand, testified that in his opinion, defendant could form the intention to cause the death of the victim by stabbing. County Court, sitting as the trier of fact, concluded that defendant was capable of forming the intent to cause the death of the victim and found defendant guilty of murder in the second degree.

Where, as here, the trier of fact is presented with conflicting expert testimony as to defendant's mental capabilities and capacity to form an intent, the question is for the trier of fact, which had the right to accept or reject the opinion of any expert *(see, People v Wood,* 12 NY2d 69, 77; *People v Golpe,* 134 AD2d 449, 450, *lv denied* 70 NY2d 932; *People v Hicks,* 125 AD2d 332, 333, *lv denied* 69 NY2d 881; *People v Robertson,* 123 AD2d 795, 796, *lv denied* 69 NY2d 716; *People v Parmes,* 121 AD2d 658, 659, *lv denied* 68 NY2d 916; *People v Gilbert,* 103 AD2d 967, 968; *People v Buthy,* 38 AD2d 10, 12-13). Upon our review of the record, we find no basis to disturb the determination of the trier of fact on the issue of intent *(see, People v Merrill,* 132 AD2d 573, 574, *lv denied* 70 NY2d 753; *People v Hicks, supra,* at 333; *People v Robertson, supra,* at 796; *People v Tigner,* 48 AD2d 762; *People v Buthy, supra,* at 12-13) and we are satisfied that the evidence established defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). (Appeal from judgment of Onondaga County Court, Burke, J.—murder, second degree; criminal possession of weapon, fourth degree.) Present—Dillon, P. J., Callahan, Doerr, Green and Davis, JJ.