■ The People of the State of New York, Respondent, v Gloria Burns, Appellant.—Judgment, Supreme Court, Bronx County (Daniel Sullivan, J., at nonjury trial and sentence), rendered June 5, 1987, which convicted defendant of murder in the second degree (Penal Law § 125.25) and sentenced her to an indeterminate term of imprisonment of from 15 years to life, unanimously affirmed.

Defendant's argument that her guilt was not proven beyond a reasonable doubt because of the existence of conflicting medical testimony is without merit. It is the duty of the trier of fact to evaluate and resolve conflicting medical testimony and that determination generally should not be disturbed on appeal. (People v Rock, 49 AD2d 666, affd 42 NY2d 845.) Further, defendant has failed to demonstrate that the People's expert relied upon an inaccurate presumption in rejecting the substance of her medical testimony that she did not intentionally commit murder because she suffered from depersonaliza-

tion, where the claim is based upon a textbook definition of depersonalization which was not presented to the People's expert at the time of trial and which, in any event, is not clearly inconsistent or contrary to the People's expert's testimony. Last, defendant failed to establish the extreme emotional disturbance defense, since a rational trier of fact easily could have concluded that the stress of having the 86-year-old victim of the crime become aware that defendant had stolen, two months earlier, $150 from him is not a reasonable excuse for an extreme emotional disturbance and loss of self-control as envisioned under Penal Law § 125.25 (1) (a). *(People v Walker,* 64 NY2d 741, 743.) Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ.