■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO ENCHAUTEGUI, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (King, J.), rendered May 29, 1984, convicting him of manslaughter in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant stands convicted of the fatal stabbing of his estranged wife Rita Enchautegui and of an assault upon Wilfredo Rivera. The defenses at trial were lack of criminal responsibility by reason of mental disease or defect (Penal Law former § 30.05 [1], now § 40.15 [1]) and justification (Penal Law § 35.15). The defendant claimed that the stabbing of Rivera and the first two stab wounds inflicted upon his wife were in self-defense and that the remaining stab wounds were inflicted upon his wife while he was in the throes of an epileptic seizure. The defendant's expert witness testified that the defendant was suffering from an epileptic seizure that reached "full blown proportions" at the time he killed his wife and, therefore, he was not responsible for his actions. The People's medical expert ruled out the diagnosis of the defendant's expert and diagnosed that the defendant was suffering from an "isolated explosive disorder" at the time of the subject incident. The People's expert testified that the defendant had substantial capacity to know and appreciate the nature and consequences of his conduct and that his conduct was wrong.

As a general rule, where conflicting expert testimony is presented at trial, the question of sanity is for the trier of fact, which has the right to accept or reject the opinion of any expert *(see, People v Wood,* 12 NY2d 69, 77; *People v Briecke,* 143 AD2d 1025). Where, as here, there is an absence of a serious flaw in the testimony of the People's expert, the resolution of the trier of fact of the issue of sanity will not be disturbed *(see, e.g., People v Golpe,* 134 AD2d 449, 450; *People v Hicks,* 125 AD2d 332; *People v Parmes,* 121 AD2d 658, 659). Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Since the defendant neither requested the court to marshal the evidence nor excepted to the court's charge as delivered, his claims that the court failed to marshal the evidence adequately and failed to alleviate the jury's confusion by giving proper instructions are not preserved for appellate review (see, CPL 470.05 [2]; see also, People v Butler, 132 AD2d 771, 773). We find, furthermore, that the particular circumstances of this case do not warrant a new trial in the interest of justice.

We have examined the defendant's remaining contentions including the alleged excessiveness of the sentence imposed and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.