■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VAN HULL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered March 24, 1988, convicting him of murder in the second degree, attempted murder in the second degree (four counts), and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal the defendant contends that the evidence established that he suffered from a serious mental illness and therefore was not criminally responsible for shooting five people at New York Technical College on August 12, 1986. We disagree. While the psychiatric testimony presented at trial

indicated that the defendant suffers from a schizophrenic disorder, the People's expert was of the opinion that he nevertheless had substantial capacity to understand and appreciate the nature and consequences of his conduct, and knew that his conduct was wrong at the time of the shootings (see, Penal Law §§ 40.15, 25.00). Generally, where conflicting expert testimony is presented, the question of sanity is primarily for the jury (see, People v Enchautegui, 156 AD2d 461; People v Briecke, 143 AD2d 1025). A jury has the right to accept or reject the opinion of any expert and where, as here, there is an absence of a serious flaw in the testimony of the People's expert, no basis exists for disturbing the jury's finding (see, People v Ludwigsen, 159 AD2d 591; People v Enchautegui, supra; People v Briecke, supra; People v Markowitz, 133 AD2d 379).

We have examined the defendant's remaining contentions and find that they are either unpreserved for appellate review or are without merit. Thompson, J. P., Brown, Lawrence and Eiber, JJ., concur.