■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIN JENKINS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered July 29, 1987, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing (Santagata, J.), of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant challenges the hearing court's denial of his motion to suppress his oral and written confessions. A review of the record reveals that the defendant's contention that his confession was obtained through psychological coercion is without merit. We find that the totality of the circumstances surrounding the interrogation demonstrates beyond a reasonable doubt that the defendant's confession was made voluntarily *(see, People v Anderson,* 42 NY2d 35; *see, also, People v Woods,* 141 AD2d 588, 589).

The defendant contends that the People failed to prove that it was his physical abuse of the two-year-old victim that caused the child's death. Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The People proved that the defendant, while under the influence of crack-cocaine, caused the child's death by physically beating him. Moreover, upon the exercise of our factual

review power, we find that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant also contends that the trial court erred in permitting the arresting officer, who was a key prosecution witness, to sit at the prosecutor's table and to assist the prosecutor at trial. However, we find that the alleged error is not preserved for our review and, in any event, is harmless since the proof of the defendant's guilt is overwhelming and there exists no significant probability that, had it not been for the alleged error, the jury would have acquitted the defendant (see, People v Crimmins, 36 NY2d 230, 242).

The defendant's remaining contentions are unpreserved for appellate review (see, CPL 470.05 [2]) and review of those contentions in the exercise of our interest of justice jurisdiction is not warranted under the facts of this case. Brown, J. P., Kooper, Eiber and O'Brien, JJ., concur.