■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE SURDAK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Huttner, J.), rendered February 10, 1988, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that he could not have formed a conscious intent to cause physical injury because of his mental illness, and therefore, that the People failed to adduce legally sufficient evidence of his guilt of assault in the first degree. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60

NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). While the defendant's pyschiatric experts testified at trial that he suffered from a "schizo-affective" disorder, the People's expert diagnosed his condition as a borderline personality disorder, and opined that at the time the defendant stabbed the victim, he had substantial capacity to understand and appreciate the nature and consequences of his conduct, and to know that his conduct was wrong.

As a general rule, where conflicting expert testimony is presented, the question of whether the defendant suffered from a mental disease or defect at the time of the crime is primarily for the jury, which has the right to accept or reject the opinion of any expert *(see, People v Hull,* 162 AD2d 550; *People v Enchautegui,* 156 AD2d 461; *People v Briecke,* 143 AD2d 1025). Where, as here, there is no serious flaw in the testimony of the People's expert, the resolution of the trier-of-fact on the issue of mental disease or defect will not be disturbed *(see, People v Hull, supra; People v Ludwigsen,* 159 AD2d 591).

The sentence imposed was neither harsh nor excessive under the circumstances of this case *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contention, and find that it is not preserved for appellate review. Eiber, J. P., Harwood, Balletta and O'Brien, JJ., concur.