■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL E. KASTEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered October 6, 1988, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant was found guilty by a jury of the fatal shooting of both of his adoptive parents. The defense at trial was lack of criminal responsibility by reason of mental disease or defect (Penal Law § 40.15). The defendant claimed that he shot his parents while he was under a delusion that his body and will had been taken over by "Lord Derelith", a "Mind Flayer" monster associated with the game "Dungeons and Dragons", and, therefore, that he was not responsible for his actions. The defendant's expert witnesses testified that the defendant was schizophrenic and delusional at the time he killed his adoptive parents and, therefore, was not responsible for his actions. The People's experts rejected the diagnosis of the defendant's expert and diagnosed him as having a personality disorder at the time of the killings. The People's expert witnesses testified that the defendant had the substantial capacity to know and appreciate the nature and consequences of his conduct and that his conduct was wrong.

As a general rule, where conflicting expert testimony is presented at trial, the question of sanity is for the trier-of-fact, who has the right to accept or reject the opinion of any expert (see, People v Wood, 12 NY2d 69, 77; People v Enchautegui, 156 AD2d 461). Where, as here, there is an absence of a serious flaw in the testimony of the People's expert, the resolution of the trier-of-fact of the issue of sanity will not be disturbed (see, e.g., People v Enchautegui, supra, at 461; People v Briecke, 143 AD2d 1025). Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, resolution of issues of credibility as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People

*v Garafolo,* 44 AD2d 86, 88). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contentions, including the alleged excessiveness of the sentence imposed, and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Balletta and O'Brien, JJ., concur.