■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEF KIRK FISCHL, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered November 29, 1989, convicting him of murder in the second degree (two counts), robbery in the first degree, and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's claim, his statements to the police were not subject to suppression on the ground that they were involuntarily obtained. The record demonstrates that the defendant was advised of his *Miranda* rights which he waived *(see, People v Lewis,* 172 AD2d 775). The totality of the circumstances surrounding the interrogation demonstrates beyond a reasonable doubt that the defendant's confession was made voluntarily *(see, People v Jenkins,* 167 AD2d 421).

The defendant further claims that he was not criminally responsible for his conduct by reason of mental disease or defect *(see,* Penal Law § 40.15). We disagree. As a general rule, where conflicting expert testimony is presented at trial, the question of sanity is for the trier-of-fact which has the right to accept or reject the opinion of any expert. Where, as here,

there is no serious flaw in the testimony of the People's experts, the resolution of the trier-of-fact on the issue of mental disease or defect will not be disturbed *(see, People v Surdak,* 167 AD2d 436; *People v Ludwigsen,* 159 AD2d 591; *People v Enchautegui,* 156 AD2d 461).

The defendant also maintains that the court erred in failing to charge the jury with respect to the defense of extreme emotional disturbance. However, we find that there was simply no evidence, expert or otherwise, to show that the defendant acted under the influence of extreme emotional disturbance at the time of the incident and that he had a reasonable explanation or excuse for his condition *(see, People v Savage,* 148 AD2d 553; *People v Feris,* 144 AD2d 691).

We have considered the remaining contentions raised by the defendant, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Harwood, Balletta and Copertino, JJ., concur.