■ The People of the State of New York, Respondent, v Barbara James, Appellant. [594 NYS2d 499] —Judgment unani-

mously affirmed. Memorandum: Defendant was convicted of murdering her two infant daughters and attempting to murder her nine-year-old son. Defendant argues that the conviction was against the weight of the evidence because she proved by a preponderance of the evidence that she lacked criminal responsibility by reason of mental disease or defect (Penal Law § 40.15). We disagree. Where there is conflicting expert evidence, resolution of the issue of defendant's criminal responsibility is for the jury (see, People v Justice, 173 AD2d 144). The jury is free to accept or reject, in whole or in part, the opinion of any expert (see, People v Wood, 12 NY2d 69, 77; People v Surdak, 167 AD2d 436, 437, lv denied 77 NY2d 911). In the absence of a "serious flaw" in an expert's testimony, the jury is entitled to rely upon it (see, People v Enchautequi, 156 AD2d 461, lv denied 76 NY2d 787). We cannot conclude that the jury, in accepting the opinion of the expert for the People, failed to give the evidence the weight it should be accorded (see, People v Bleakley, 69 NY2d 490, 495).

County Court did not abuse its discretion by denying defendant's challenge for cause to a potential juror based upon the juror's occupation as a correction officer. The fact that a potential juror is a correction officer does not lead inexorably to an inference that he is inherently biased against criminal defendants (see, People v Ruiz, 162 AD2d 637, 638, lv denied 76 NY2d 990). Here, the potential juror testified that his ability to render a fair and impartial verdict would not be affected by the nature of his employment, that he would not "lean more" to the prosecution side of the case, and that he would "listen to the facts". Under those circumstances, it cannot be concluded that the juror had a predisposition against defendant that would affect his ability to discharge his responsibilities as a juror (see, People v Colon, 71 NY2d 410, 418, cert denied 487 US 1239; People v Williams, 63 NY2d 882; cf., People v Blyden, 55 NY2d 73, 78-79).

We conclude that the testimony of two Crisis Services counselors who arrived on the scene shortly after the killings was properly admitted as rebuttal to disprove defendant's evidence that she was in a psychotic state at that time (see, People v Alvino, 71 NY2d 233, 248; People v Harris, 57 NY2d 335, 345, cert denied 460 US 1047).

. County Court did not abuse its discretion by limiting defendant's cross-examination of an expert witness for the People concerning the amount of money he had earned to date on

another pending case. Defense counsel was given considerable latitude to cross-examine that witness concerning his potential bias *(see, People v Chin,* 67 NY2d 22, 31).

We decline to modify defendant's sentence in the interest of justice. Finally, we have examined the remaining issue raised by defendant and find it to be lacking in merit. (Appeal from Judgment of Erie County Court, Rogowski, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Balio, Doerr and Boehm, JJ.