■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS WILLIAMS, Appellant. [597 NYS2d 116] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman J.), rendered September 7, 1989, convicting him of murder in the second degree, manslaughter in the second degree, kidnapping in the first degree, kidnapping in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well established that where conflicting expert testimony is presented, the question of the defendant's sanity rests with the trier of fact, which may accept or reject the opinion of the expert witness and, in the absence of a serious flaw in the testimony of the People's expert, the fact finding of sanity

will not be disturbed *(see, People v Hull,* 162 AD2d 550; *People v Ludwigsen,* 159 AD2d 591; *People v Enchautegui,* 156 AD2d 461; *People v Briecke,* 143 AD2d 1025; *People v Bruetsch,* 137 AD2d 823; *People v Hicks,* 125 AD2d 332; *People v Amaya,* 122 AD2d 888). In the case at bar, no such flaw exists and we find that the jury's verdict should not be disturbed.

The defendant also contends that it was reversible error for the trial court to submit a verdict sheet which indicated the order in which the jury was to deliberate and which included the names of the victims on the various kidnapping charges. As the defendant's only objection was to the parenthetical phrases "felony murder" and "depraved indifference", which references were removed before the verdict sheet was given to the jury, the defendant has not preserved this issue for appellate review *(see, People v Hernandez,* 172 AD2d 560; *People v Ribowsky,* 156 AD2d 726, *affd* 77 NY2d 284; *People v Gray,* 154 AD2d 478; *People v Mathis,* 150 AD2d 613; *People v Lugo,* 150 AD2d 502; *People v Rodriguez,* 144 AD2d 598; *People v Decambre,* 143 AD2d 927; *People v Battles,* 141 AD2d 748; *People v Williams,* 138 AD2d 430; *People v Monroe,* 135 AD2d 741). We decline to review the propriety of the verdict sheet in the exercise of our interest of justice jurisdiction.

We further find that the court properly declined to charge criminally negligent homicide as a lesser-included offense of manslaughter in the second degree, since there is no reasonable view of the evidence which would support a finding that the defendant was not aware of the substantial and unjustifiable risk of death attendant in holding a loaded and cocked gun to the victim's neck *(see,* CPL 300.50 [1]).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Sullivan, J. P., Balletta, Lawrence and Eiber, JJ., concur.