■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

SAHABIA OWENS, Appellant. [611 NYS2d 67] —Judgment modified on the facts and as modified affirmed and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree in connection with a fatal shooting on July 26, 1989. At trial, defendant raised the affirmative defense of extreme emotional disturbance.

It is an affirmative defense to murder in the second degree that a defendant acted "under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of the person in the defendant's situation under the circumstances as the defendant believed them to be" (Penal Law § 125.25 [1] [a]). The defense "requires proof of both a subjective element (that defendant did in fact act under the influence of extreme emotional disturbance) and an objective element (that there was reasonable explanation or excuse for the emotional disturbance)" (People v Moye, 66 NY2d 887, 890). Defendant presented psychiatric testimony that she acted under the influence of extreme emotional disturbance at the time of the shooting. Specifically, the evidence showed that defendant suffered from a multiple personality disorder and one of the "alter" personalities manifested itself at the time of the shooting. The rebuttal testimony offered by the People was unavailing and equivocal. Weighing as we must the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony (see, People v Bleakley, 69 NY2d 490, 495), we find that a preponderance of the evidence supports the affirmative defense of extreme emotional disturbance (see, Penal Law § 25.00 [2]). The verdict finding defendant guilty of murder in the second degree, therefore, is against the weight of the evidence. Thus, we modify the judgment by reducing defendant's conviction of murder in the second degree to manslaughter in the first degree and by vacating the sentence imposed thereon and we remit the matter to Supreme Court for sentencing on that conviction.

All concur except Balio and Callahan, JJ., who dissent in part and vote to affirm in the following Memorandum.

Balio and Callahan, JJ. (dissenting). We respectfully dissent. The issue whether defendant acted under the influence of extreme emotional disturbance was a question for the jury to

decide upon its evaluation of the expert testimony *(see, People v Grinan,* 161 AD2d 325, *lv denied* 76 NY2d 857). Where the jury is presented with conflicting expert testimony about defendant's mental capabilities and capacity to form an intent, it had the right to accept or reject the opinion of any expert *(see, People v Wood,* 12 NY2d 69, 77; *People v Mitchell,* 149 AD2d 968, 969, *lv denied* 74 NY2d 744). We disagree with the majority's conclusion that the rebuttal testimony offered by the People was "unavailing and equivocal". Upon our review of the record, we find no basis to disturb the jury's rejection of defendant's affirmative defense of extreme emotional disturbance and, thus, the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Murder, 2nd Degree.) Present—Green, J. P., Balio, Fallon, Callahan and Boehm, JJ.