■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered July 18, 1985, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a weapon in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, the judgment is affirmed.

On appeal to this court, the defendant maintains that his conviction for the crime of murder in the second degree should be reduced to manslaughter in the first degree because he proved, by a fair preponderance of the evidence, that he suffered from extreme emotional disturbance at the time he fatally shot his wife. We reject this contention.

The evidence, when viewed in the light most favorable to the People *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), fully supports the trial court's conclusion that the defendant's decision to shoot his wife had been an intentional one, unexcused by circumstances sufficient to mitigate culpability. The record further reflects that the defendant's relationship with his estranged wife was plagued by constant strife, as evidenced by their periodic separations, and was punctuated by sporadic instances of physical abuse by the defendant. We find, as did the trial court, that the defendant's reaction to his rather tortured marital situation was not "an understandable human response deserving of mercy" *(see, People v Casassa,* 49 NY2d 668, 680-681, *cert denied* 449 US 842), but rather, emanated from his feeling of anger toward his wife. The defendant failed to meet his burden of proving

that the killing was the result of extreme emotional disturbance *(see, People v Moye,* 66 NY2d 887, 890). Accordingly, we defer to the findings of the trial court, which had the opportunity to observe and assess the credibility of the witnesses *(see, People v Irby,* 115 AD2d 661).

The second count of the indictment, which charged the defendant with criminal possession of a weapon in the second degree, must, as the People concede, be dismissed as the defendant was duly licensed to carry the weapon pursuant to Penal Law § 400.00. Mollen, P. J., Thompson, Eiber and Spatt, JJ., concur.