■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS F. ROBERTSON, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered March 23, 1982, convicting him of murder in the second degree (two counts), kidnapping in the first degree, kidnapping in the second degree, sodomy in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On October 17, 1981, the defendant killed Douglas Mire, a young boy, and sodomized and sexually abused a 10-year-old girl in the basement of his house in Mastic Beach, New York, after he had picked them up earlier in a nearby shopping center. The defendant entered a plea of not guilty by reason of mental disease or defect (Penal Law former § 30.05 [1]). At trial, the defendant's medical expert testified that the defendant had had an "isolated explosive disorder" and an "unclassified psychosexual disorder" at the time he killed the boy and sodomized and sexually abused the girl. The expert repeatedly testified that he had a reasonable doubt as to whether or not the defendant could appreciate the wrongfulness of his conduct. The People's medical experts ruled out the defendant's expert's diagnosis of "isolated explosive disorder" and diagnosed, *inter alia,* "anti-social personality". Additionally, while one of the People's experts agreed with the defendant's expert that the defendant had a psychosexual disorder, he stated that it did not act to prevent the defendant from knowing that his conduct towards the girl was wrongful. Both of the People's medical experts were of the belief that the defendant had substantial capacity to know and appreciate the nature and consequences of his conduct and its wrongfulness.

The defendant contends, *inter alia,* that the People did not

prove him sane beyond a reasonable doubt *(see,* Penal Law former § 30.05; Penal Law § 25.00; *People v Silver,* 33 NY2d 475). We do not agree. Conflicting expert testimony was presented at trial. It is the general rule that where such conflicting testimony is presented the question of sanity is for the jury, which has the right to accept or reject the opinion of any expert *(see, People v Wood,* 12 NY2d 69, 77; *People v Buthy,* 38 AD2d 10, 12-13). The jury could have properly inferred from the conflicting evidence that the defendant was criminally responsible for his conduct when the crimes in question were committed *(see, People v Wood, supra; People v Breeden,* 115 AD2d 484). Where, as here, there is an absence of a serious flaw in the testimony of the People's experts, the jury's finding of sanity will not be disturbed *(see, People v Jandelli,* 118 AD2d 656; *People v Amaya,* 122 AD2d 888; *People v Bell,* 64 AD2d 785).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review as a matter of law or lacking in merit. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.