■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GUEVARA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered May 29, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the evening of April 24, 1983, the defendant and his wife argued in the bedroom of their Bushwick Avenue, Brooklyn, apartment about her intent to institute a divorce proceeding. During the argument, the defendant left the room, obtained a two-foot-long wooden board and returned to beat his wife about the face and neck. When she collapsed on the bed but continued to move, the defendant tied her legs together. The couple's two-year-old son was asleep in his nearby crib during the entire incident. The defendant then searched the room for the divorce papers, found them, fled through the bedroom window, and returned to his girlfriend's apartment in The Bronx. The next day, the defendant went to work and called his wife's place of employment to speak with her. When he returned to his wife's apartment after work, it was necessary for a neighbor's child to climb through a window and unlock the door, which was triple-locked from the inside. The victim's body was then found and the police were called. Testimony from an Associate Medical Examiner conclusively showed that the victim died from strangulation after having been beaten.

The defendant initially told police that he had hired a particular street person to scare his wife in order to obtain the divorce papers. Eventually, the defendant confessed to killing his wife. The defendant testified at trial that he did not intend to hurt or kill her but had lost control because he was confused about the divorce; he denied strangling her.

Viewing the evidence in the light most favorable to the People, it was legally sufficient to support the defendant's conviction *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Moreover, upon the exercise of our factual review

power, we are satisfied that the defendant's guilt of intentional murder was proven beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Here, the evidence clearly showed repeated acts of violence by the defendant against his wife which point to his actions being calculated and deliberate *(see, People v Milea,* 112 AD2d 1011, 1013, *lv denied* 66 NY2d 921).

We also find that the defendant did not satisfy his burden of proving that he acted under the influence of extreme emotional disturbance and that he had a reasonable explanation or excuse for his extreme emotional disturbance. The reasonableness of such an explanation is to be determined from the viewpoint of a person in the defendant's situation, under the circumstances as the defendant believed them to be *(see, People v Casassa,* 49 NY2d 668, 678, *cert denied* 449 US 842). While the defendant was exposed to the stress of an impending divorce situation, it cannot be said that the circumstances were so extreme or overbearing that the defendant lost control of his ability to exercise the restraint that he should have exercised *(see, People v Patterson,* 39 NY2d 288, 303, *affd* 432 US 197). Nor was the defendant's excuse reasonable under the circumstances. Here, the defendant had been staying with his girlfriend who, on a prior occasion when the defendant's wife had left him, had joined him in the marital home. The defendant returned to his girlfriend's home after the killing and was able to appear at work the next day, even then attempting to divert suspicion from himself.

As the defendant failed to object to the jury charge, the issues he raises with respect thereto were not preserved for appellate review. In any event, no charge on circumstantial evidence was necessary as that charge is required only when the People's case rests solely on circumstantial evidence *(see, People v Ruiz,* 52 NY2d 929, 930). Here, direct evidence of the defendant's guilt was presented via his statements. The court's charge on extreme emotional disturbance was proper as it clearly and accurately set forth how that defense lessens a defendant's culpability for an intentional killing.

Finally, given the brutality of the defendant's acts against his wife and his subsequent attempt to protect himself by hiding his culpability, the sentence of 25 years to life was a proper exercise of the sentencing court's discretion *(see, People v Roman,* 84 AD2d 851). Brown, J. P., Eiber, Kunzeman and Spatt, JJ., concur.