■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BRUETSCH, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Edelstein, J.), rendered October 2, 1986, convicting him of murder in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of from 20 years to life imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the minimum term of the sentence from 20 years to 15 years; as so modified, the judgment is affirmed.

Witnesses testified at the defendant's trial that he dragged

his estranged wife into his car, shot her in the back as she tried to escape out the car door and then shot her several times as she lay wounded in the driveway. The defendant testified that he remembered talking to his wife in the car but did not remember shooting her.

The defendant contends that the evidence established that he suffered from a mental disease and therefore was not criminally responsible for the death of his wife (Penal Law § 40.15). Two psychiatrists testified on the defendant's behalf that he had a dissociative disorder, which is an altered state of consciousness, at the time of the shooting and was unable to form an intent to kill or to appreciate the nature and consequences of his action. While the two psychiatrists who testified for the prosecution agreed that the defendant had a mental disorder, they concluded that it was not a disorder that made him unaware of his actions at the time of the shooting and they concluded that the defendant's amnesia was real but occurred after the shooting to repress the memory. In addition, the testimony of a relative who tried to prevent the shooting indicated that the defendant was aware of the nature of his actions.

The defendant contends that the evidence was legally insufficient to support his conviction in light of evidence that he acted under extreme emotional disturbance (Penal Law § 125.25). Because of the conflicting expert testimony on this issue, as well as the conflicting inferences that can be drawn from the testimony regarding the defendant's actions prior to the shooting, we do not find that the defendant established by a preponderance of the evidence that he acted under extreme emotional disturbance (see, People v Casassa, 49 NY2d 668, cert denied 449 US 842).

Viewing the evidence adduced at the trial in the light most favorable to the People, we find that it was legally sufficient to support the conviction (People v Contes, 60 NY2d 620). Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence and that the jury could rationally find that the guilt of the defendant was proven beyond a reasonable doubt (CPL 470.15 [5]). The jury could reasonably reject the opinion of the defendant's psychiatrists on the issue of mental disease or defect and instead could have based its verdict on the testimony of the prosecution's experts (see, e.g., People v Robertson, 123 AD2d 795, lv denied 69 NY2d 716). The jury had the benefit of observing the testimony of the psychiatrists and the defendant in determining whether to accept the defense of

extreme emotional disturbance. In light of all of the testimony, we cannot find that the jury's decision to reject that defense was against the weight of the evidence (see, e.g., *People v Rivera*, 123 AD2d 794, *lv denied* 69 NY2d 716).

The defendant's contentions with respect to the prosecutor's summation and the court's charge are largely unpreserved for appellate review by appropriate objections. In any event, we do not find that these alleged errors deprived the defendant of a fair trial.

Under the circumstances, we find the sentence was excessive to the extent indicated. Mollen, P. J., Kunzeman, Rubin and Balletta, JJ., concur.