■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEIL LUDWIGSEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered January 14, 1987, convicting him of attempted murder in the first degree, assault in the first degree and criminal use of a firearm in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt (People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The evidence shows that the defendant became angry after receiving three traffic summonses and having his previously suspended driver's license confiscated, that he drove to his residence where he armed himself with a shotgun, and that he thereafter returned to find the police officer sitting in his parked patrol car whereupon he shot the officer in the face at close range.

We do not agree with the defendant's contention that he should have been found not responsible by reason of mental disease or defect (Penal Law §§ 40.15, 25.00 [2]). The jury could have reasonably rejected the opinion of the defendant's psychiatrist on the issue of mental disease or defect and, instead, relied upon and given credence to the testimony of the prosecution's psychiatrists *(see, e.g., People v Robertson,* 123 AD2d 795). Although the evidence indicated that the defendant suffers from a schizophrenic disorder, the People's experts were of the opinion that the defendant was not under the influence of any delusions at the time of the shooting *(People v Markowitz,* 133 AD2d 379).

With respect to the defendant's claim that he acted under extreme emotional disturbance, the evidence of the defendant's past violent and antisocial behavior, as well as his actions prior to the shooting, clearly supports the jury's conclusion that his actions were the result of simple malevolence, rather than an uncontrollable response. Moreover, even if the jury accepted the defendant's claim that he acted under extreme emotional distress, it was entitled to conclude that the excuse offered for this emotional state was so unreasonable under the circumstances that it did not warrant mitigation *(People v Bruetsch,* 137 AD2d 823, 824; *People v David,* 143 AD2d 1031, 1032-1033).

The defendant's contentions with respect to the court's charge are wholly unpreserved for appellate review (CPL 470.05 [2]). In any event, the charge, when read as a whole, conveyed to the jury the People's ultimate burden of proof with respect to the element of the defendant's intent *(People v Brown,* 141 AD2d 755; *see, People v Kohl,* 72 NY2d 191, 199).

We find that the sentence was neither harsh nor excessive. Kooper, J. P., Harwood, Balletta and Miller, JJ., concur.