■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND J. SOMERS, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered November 7, 1986, upon a verdict convicting defendant of the crimes of attempted murder in the second degree and assault in the first degree.

Defendant, jilted by his girlfriend, went to the home of her new suitor and attacked him with a knife, causing severe lacerations. At trial, the theory of defense was that defendant suffered from posttraumatic stress disorder, as a result of a childhood tragedy and service in Vietnam, and was in a dissociative state or psychogenic fugue at the time of the assault and thereby lacked the capacity to know or appreciate the nature of his acts (see, Penal Law § 40.15). Convicted of attempted murder in the second degree and assault in the first degree and sentenced to concurrent prison terms of 8⅓ to 25 years and 5 to 15 years, respectively, defendant appeals.

We affirm. Defendant's primary assertion is that he was denied a fair trial by County Court's failure to instruct the jury that evidence of defendant's insanity must be considered in connection with their deliberation of the People's burden to prove intent beyond a reasonable doubt. We disagree. In People v Kohl (72 NY2d 191), decided nearly two years following defendant's trial, the Court of Appeals held that Penal Law § 40.15 did not violate the State Constitution because placing the burden on defendant to establish the defense of insanity by a preponderance of the evidence "does not relieve or transform the People's primary and constant burden of

proving, beyond a reasonable doubt, all the elements of the crimes charged, including all components of the applicable culpable mental state element" *(supra,* at 193-194). The court indicated that a jury could be prevented from confusing the People's burden of proving the element of intent and defendant's burden of proving the affirmative defense of insanity by jury instructions emphasizing the People's "primary, ultimate, and nontransferable burden of proving all the elements of criminal intent beyond a reasonable doubt" *(supra,* at 199) and that "the trial court should also, after the primary instructions, sequentially advise the jury that defendant bears a different burden on insanity, and that evidence of insanity relating to whether defendant knew what he was doing must be considered by the jury in its consideration of the People's nontransferable satisfaction of its burden to prove intent beyond a reasonable doubt" *(supra,* at 199).

In our view, County Court's charge, considered as a whole, adequately safeguarded defendant's right to due process. Although County Court did not specifically instruct the jury that evidence of insanity relating to whether defendant knew what he was doing must be considered on the issue of intent, the jury was instructed that "a person acts intentionally with respect to a result * * * when his *conscious aim or objective* is to cause such result", that "[w]hat a defendant intends is, of course, *an operation of his mind"* and that "whether or not the People have proved * * * beyond a reasonable doubt that the defendant acted intentionally is * * * to be decided *on the basis of all the evidence in the case"* (emphasis supplied). County Court further instructed the jury that "the defense [of insanity] is not an element of the crime" and "does not relieve the People of the burden of establishing the defendant's guilt of each and every element of the crime by proof beyond a reasonable doubt". We conclude that these instructions adequately emphasized to the jury the People's burden of proving the element of intent beyond a reasonable doubt and that they were to consider the psychiatric evidence on the issue *(People v Kohl, supra,* at 199; *see, People v Ludwigsen,* 159 AD2d 591).

Finally, we find no error in County Court's instruction that a person is presumed sane. The instruction correctly states the law *(see,* Richardson, Evidence §§ 62, 63, at 42 [Prince 10th ed]) and was immediately followed by the further instruction that the presumption was rebuttable and the observation that defendant had offered evidence to establish that he was not a sane person. Considered in its entirety *(see, People v Robinson,* 36 NY2d 224, *mod* 37 NY2d 784; *People v Griffin,* 100 AD2d

659), this instruction places no additional burden upon defendant and, in fact, is entirely consistent with defendant's legal burden of proving insanity by a preponderance of the evidence.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.