■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID FISHER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Zweibel, J.), rendered April 3, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]) and that the defendant's conviction of murder in the second degree should not be reduced to the crime of manslaughter in the first degree. Although the defendant, through the testimony of a psychiatrist, attempted to establish that he acted under the influence of extreme emotional disturbance at the time he killed his ex-wife, the People presented evidence, corroborated by the defendant's own testimony, that the defendant was an angry and jealous ex-husband who had previously threatened to kill the victim. The jury, which had the benefit of observing the psychiatrist and the defendant testifying, could reasonably reject the opinion of the psychiatrist *(see, People v Bruetsch,* 137 AD2d 823, 824). From the evidence, the jury was free to conclude that the defendant's actions were rational, deliberate, and malevolent, rather than an uncontrollable response to his ex-wife's alleged unfaithfulness *(see, People v Ludwigsen,* 159 AD2d 591, 592; *People v David,* 143 AD2d 1031, 1032, *People v*

*Guevara,* 134 AD2d 518, 519). Moreover, even if the jury did accept that the defendant murdered his ex-wife while under the influence of extreme emotional disturbance, it was entitled to reject the excuse offered for this emotional state as so unreasonable that it did not warrant mitigation *(see, People v Casassa,* 49 NY2d 668, 681, *cert denied* 449 US 842; *People v Ludwigsen, supra; People v Torres,* 144 AD2d 709, 710; *People v David, supra; People v Guevara, supra).*

With respect to the defendant's claim of prejudice resulting from the People's summation, we find that the issues of the propriety of the comments complained of are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Winfield,* 154 AD2d 725; *People v Fisher,* 148 AD2d 628, 629; *People v Flores,* 139 AD2d 525, 526). In any event, the comments were responsive to the defense counsel's summation and constituted a fair comment upon the evidence *(see, People v Ashwal,* 39 NY2d 105; *People v Bartolomeo,* 126 AD2d 375, 390; *People v Moore,* 125 AD2d 501, 502).

The sentence imposed was not harsh or excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.