■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGGIE McALLISTER, Appellant.—Judgment, Supreme Court, New York County (Allen G. Alpert, J.), entered June 8, 1989, convicting defendant, after a jury trial, of attempted manslaughter in the first degree, burglary in the first degree, assault in the second degree, unlawful imprisonment in the first degree and reckless endangerment in the first degree, and sentencing him, as a persistent felony offender, to concurrent terms of imprisonment of from 25 years to life on each count, unanimously affirmed.

Defendant spent several hours smoking crack on the afternoon of February 24, 1988, and thereafter forced his way into a neighboring apartment on the thirtieth floor, held a teen-age girl hostage, and pushed her halfway out the window. He insisted that someone was trying to kill him, and believed that the officers who responded to the scene were impersonating the police. Ultimately, several officers managed to gain entry into the apartment and bring the girl to safety. Defendant was taken to the hospital for observation.

Defendant raised an insanity defense, and contends on appeal that he proved by a preponderance of the evidence that he was not criminally responsible for his actions. Two doctors, neither of whom treated him, testified as to their opinion of his mental state during the incident. Defendant's medical expert testified, on the basis of hospital records, that defendant was extremely agitated and disoriented, and his cognitive abilities severely impaired. The witness conceded that he had not known that defendant had been able to communicate effectively and calmly with the police at the precinct before arriving at the hospital. The People's expert believed that defendant had been under a cocaine delusional disorder that produced exaggerated paranoia, but did not render defendant incapable of forming the requisite intent for the crimes committed.

On the record before us, we find ample evidence to support the jury's verdict and their rejection of defendant's claim that he was legally insane at the time of the incident. The jury was entitled to reject or accept either expert's opinion, and, based on all the evidence, concluded that defendant not only under-

stood the nature and consequences of his conduct, but also knew that it was wrong (Penal Law § 40.15; *People v Robertson,* 123 AD2d 795). In particular, the testimony regarding his attempt to push the girl through the portion of the window where there were no safety bars, his use of her as a shield when he saw an officer poised with a shotgun in a neighboring window, and his repeated threats to push her out the window completely if the officer fired the weapon, or attempted to enter the apartment, supports the jury's conclusion that he was criminally responsible for his acts, notwithstanding that his behavior was bizarre and prompted by the delusional belief that he was in danger *(People v Kohl,* 72 NY2d 191, 198).

Defendant's *pro se* claim that the trial court failed to adequately supervise the jury due to the unavailability of the juryroom, and should have conducted an inquiry into defense counsel's objections to keeping the jury in the corridor, is without merit. The trial court did inquire into counsel's concerns and, finding no evidence of impropriety, was satisfied that the integrity of the trial had not been affected in any way. Moreover, precautions were taken to separate the jury from the parties and witnesses. Concur—Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.