■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON HARTSOCK, JR., Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Chemung County

(Danaher, Jr., J.), rendered November 6, 1989, upon a verdict convicting defendant of the crimes of attempted murder in the second degree and assault in the first degree.

Following the early morning shooting of his wife, from whom he was then separated and with whom he had a stormy relationship both before and during their seven-month marriage, defendant was tried and convicted of attempted murder in the second degree and assault in the first degree. In the course of an argument, during which the victim refused to reconcile with defendant and insisted that it was over between them, defendant shouted "if I can't have you nobody else [will]"; he then fired three shots at her from his 12-gauge shotgun and finally shot himself once in the stomach.

At trial defendant attempted to prove that his actions had been the result of extreme emotional distress, thus reducing his culpability. No psychiatric testimony was presented; rather, defendant testified that he remembered nothing of the shooting, nor of getting and loading the gun, but that he had "blanked out" while arguing with the victim and was not aware of his actions again until he heard the three shots. It is his contention that he was angry, hurt and upset because his wife would not reconcile with him, and because she told him that she was sleeping with other men—previously he had written derogatory epithets and the phrase "I hope you get AIDS" on the bathroom mirror—and that this emotional disturbance caused him to act as he did and without any recollection of having done so. We affirm the judgment of conviction.

Defendant claims that the jury's rejection of his affirmative defense was against the weight of the evidence. The applicability of this defense is a matter largely left to the discretion of the jury (see, People v Casassa, 49 NY2d 668, 679-680, cert denied 449 US 842; People v Morrison, 95 AD2d 868, 869). The record at hand fully supports the jury's determination (see, People v Bleakley, 69 NY2d 490, 495). This defense requires a defendant to prove both an "extreme emotional disturbance" and "a reasonable explanation or excuse" for that disturbance (Penal Law § 125.25 [1] [a]); while the former inquiry is wholly subjective, the latter has both subjective and objective components (People v Casassa, supra, at 678-679). As to this second factor, the jury, even if it found that defendant was under the influence of extreme emotional distress and believed his testimony regarding his emotional state and lack of memory, could nevertheless have fairly concluded that the precipitating circumstances did not constitute a reasonable excuse for defen-

dant's emotional disturbance *(see, People v Fisher,* 177 AD2d 704, 704-705, *lv denied* 79 NY2d 1049).

Furthermore, although the initial determination of whether defendant was actually emotionally disturbed is subjective, the jury, when considering the evidence in its entirety, must also ascertain whether defendant's testimony is credible. Here, the jury could rationally find, based on defendant's behavior leading up to the shooting, including his hope that the victim would contract AIDS, a deadly disease, and his threats to kill her, that his acts were "the result of simple malevolence, rather than an uncontrollable response" *(People v Ludwigsen,* 159 AD2d 591, 592, *lv denied* 76 NY2d 738; *see, People v Fisher, supra,* at 704).

Mikoll, J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.