■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS MARINACCIO, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered February 23, 1989, convicting him of attempted murder in the first degree (two counts), criminal use of a firearm in the first degree (two counts), and criminal possession of a weapon in the second degree (two counts), after a nonjury trial, and imposing sentence, and (2) by permission, from an order of the same court, dated October 12, 1990, which denied the motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

Viewing the evidence adduced at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was sufficient to both support the conviction of attempted murder in the first degree beyond a reasonable doubt *(see, e.g., People v Penabel,* 150 AD2d 394), and to enable the trier of fact to reject the defendant's affirmative defense of extreme emotional disturbance *(see, People v Moye,* 66 NY2d 887, 890; *People v Walker,* 64 NY2d 741; *People v Finney,* 181 AD2d 789). While the defendant was clearly angry with his wife and son in the period of time preceding the shootout, he confronted the police officers in a calm and controlled manner, aimed his handgun at them and ordered them to drop their weapons. He thus did not exhibit the loss of self-control generally associated with the defense of extreme emotional disturbance *(see, People v Feris,* 144 AD2d 691, 692). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We further find that the trial court's denial of the defendant's motion pursuant to CPL 440.10 constituted a proper exercise of discretion. It is clear that the defendant could have, with due diligence, discovered the purported "newly discovered evidence"—consisting of the additional testimony of a defense witness—prior to the trial. Moreover, the additional testimony merely contradicted several witnesses' trial testimony concerning the details of the shootout, and would not probably change the result if a new trial were granted *(see, People v Yoli,* 150 AD2d 741; *People v Priori,* 164 NY 459, 472; *People v Salemi,* 309 NY 208, 216, *cert denied* 350 US 950). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.