■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENIS ROBSON, Appellant. [602 NYS2d 422] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Thorp, J.), rendered October 16, 1989, convicting him of burglary in the second degree and criminal mischief in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

This case concerns the wholesale destruction of the interior of a private office/home of a psychiatrist by one of his patients, the defendant. On appeal, the defendant argues that the court committed reversible error when it refused to submit a "missing witness charge" concerning the People's failure to call the psychiatrist who first examined him after he was arrested. We find that such a charge was unwarranted (see, People v Gonzalez, 68 NY2d 424).

The defendant further argues that the court's jury charge concerning his affirmative defense of mental disease or defect (see, Penal Law § 40.15) was improper (see, People v Kohl, 72 NY2d 191), in that it improperly shifted the burden of proof to the defendant by requiring him to disprove the element of intent. This issue was unpreserved for appellate review (see, People v Somers, 78 NY2d 1058; People v Ludwigsen, 159 AD2d 591). Further, were we to reach this issue in the exercise of our interest of justice jurisdiction, we would find that the court's charge, which required that the jury find that the People proved every element of the crimes charged before even reaching the defendant's affirmative defense, was not confusing and complied with the guidelines enunciated in People v Kohl (supra; see, People v Somers, supra; People v Coleman, 70 NY2d 817; People v Canty, 60 NY2d 830; People v Ludwigsen, supra).

The defendant also asserts that the People's expert testimony concerning his affirmative defense of mental disease or defect was "seriously flawed". However, the defendant's failure to raise this issue on his motion for a trial order of dismissal renders this issue unpreserved for appellate review (see, CPL 470.05 [2]; People v Bynum, 70 NY2d 858). Further, were we to reach this issue in the exercise of our interest of justice jurisdiction, we would find that the testimony was not seriously flawed (see, People v Hamilton, 186 AD2d 581; People v Hull, 162 AD2d 550; People v Golpe, 134 AD2d 449; People v Mainville, 59 AD2d 809). Moreover, to the degree that this argument constitutes a challenge to the weight and sufficiency of the evidence, we note that resolution of issues of credibility,

as well as the weight to be accorded to evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15). Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.