■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YONG HO HAN, Appellant. [607 NYS2d 365] —Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered April 28, 1992, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence of an indeterminate term of 25 years to life imprisonment for the murder, to run consecutively to an indeterminate term of 8⅓ to 25 years imprisonment for the attempted murder, and restitution in the sum of $88,744.32.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by deleting the provision thereof directing the defendant to make restitution in the amount of $88,744.32; as so modified, the judgment is affirmed, and the matter is remitted to the County Court,

Nassau County, for a hearing and a new determination concerning the proper amount of restitution and the manner of payment thereof.

The defendant contends that the evidence established that he suffered from a mental disease or defect and therefore was not criminally responsible for his actions (see, Penal Law § 40.15). Two psychiatrists testified on the defendant's behalf that he lacked substantial capacity to appreciate the nature and consequences of his conduct and that it was wrong. A third psychiatrist testified that the defendant was under the influence of extreme emotional disturbance during the incidents. A psychiatrist and a psychologist testified for the prosecution, and both refuted those findings.

Where conflicting expert testimony is presented, the question of sanity is primarily for the jury. A jury has the right to accept or reject the opinion of any expert and where, as here, there is no serious flaw in the testimony of the People's experts, there is no basis for disturbing the jury's finding (see, People v Hamilton, 186 AD2d 581; People v Hull, 162 AD2d 550; People v Bruetsch, 137 AD2d 823; People v Robertson, 123 AD2d 795).

The affirmative defense of extreme emotional disturbance has two principal components: (1) the defendant must have acted under the influence of extreme emotional disturbance, and (2) there must have been a reasonable explanation or excuse for the emotional disturbance. Even if the jury had accepted that the defendant suffered from an extreme emotional disturbance, it was entitled to reject the excuse offered by the defendant for this emotional state as not reasonable and not warranting mitigation (see, People v Casassa, 49 NY2d 668, cert denied 449 US 842; People v Ludwigsen, 159 AD2d 591; People v David, 143 AD2d 1031; People v Rivera, 123 AD2d 794).

Further, the defendant's actions in donning gloves as he repeatedly stabbed his two victims, his taking the murder weapon with him and disposing of it, his presence of mind to drive to his girlfriend's place of employment, his request that she travel to California with him, his purchase of airline tickets using an alias, and his purposeful act of not returning to his home after his crimes, are inconsistent with the loss of control associated with extreme emotional disturbance (see, People v Finney, 181 AD2d 789).

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was

legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

While the sentencing court acted properly when it employed the Probation Department as a preliminary fact finder to determine the appropriate amount of restitution, the probation report did not provide a sufficient basis upon which to calculate a proper restitution figure without a hearing. Nor was due consideration given to whether the defendant had the ability to pay *(see, People v Robinson,* 156 AD2d 731; *People v Barnes,* 135 AD2d 825). Although the defendant objected to the amount of restitution, he failed to request a hearing. The failure of the defendant to request such a hearing at the time of sentencing does not preclude granting him that relief in the exercise of our interest of justice jurisdiction. Accordingly, the matter is remitted to the County Court, Nassau County, for a hearing as to whether the defendant should be required to make restitution and the proper amount and manner of performance.

We find that the imposition of the maximum sentence of incarceration was not excessive under the circumstances. The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Rosenblatt, Pizzuto and Joy, JJ., concur.