■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL TOLBERT, Appellant. [625 NYS2d 259] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered November 6, 1991, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was excluded from a material stage of the trial when counsel exercised their challenges to the jury outside of his presence. The record indicates that the defendant was present during the voir dire and that, while counsel initially informed the court of their challenges in the absence of the defendant, the challenges were in fact eventually given effect in the defendant's presence in open court (see, People v Velasco, 77 NY2d 469, 473; People v Jackson, 202 AD2d 518; People v Cohen, 201 AD2d 494; People v Yonamine, 192 AD2d 687).

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied

that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find no basis to disturb the jury's rejection of the defendant's affirmative defense of extreme emotional disturbance. Although the defendant, through the testimony of a psychologist, attempted to establish that he acted under the influence of extreme emotional disturbance at the time that he killed his girlfriend, the People presented evidence through the testimony of their own psychiatrists corroborated by the testimony of several witnesses, including the defendant, that the defendant was an angry manipulative individual who had previously threatened to kill the victim. Thus the jury could reasonably have rejected the affirmative defense *(see, People v Fisher,* 177 AD2d 704). Moreover, the jury was entitled to reject the defendant's explanation for his emotional state as so unreasonable that it did not warrant mitigation of the charges *(see, People v Casassa,* 49 NY2d 668, 681, *cert denied* 449 US 842; *People v Checo,* 194 AD2d 410; *People v Hartsock,* 189 AD2d 991; *People v Fisher, supra).*

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.