■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO AYALA, Also Known as ROBERT AYALA, Appellant. [633 NYS2d 548] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered February 18, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find no basis to disturb the jury's rejection of the defendant's affirmative defense of extreme emotional disturbance. The defendant, through the testimony of a psychologist and a forensic psychiatrist, attempted to establish that he acted under the influence of extreme emotional disturbance at the time that he killed his victim with a knife. However, the People presented evidence through the testimony of their own psychiatrist, corroborated by the testimony of several witnesses, including statements of the defendant, that the defendant picked up and secreted the murder weapon in his pocket before he allegedly became emotionally disturbed. The defendant's claim that he only intended to scare his victim with the knife tended to show that he anticipated the victim's rejection of his sexual advances. Additionally, the defendant admitted that he covered the victim's mouth when she started to scream, indicating a presence of mind sufficient to attempt to prevent others from hearing what he was doing. It was also established that the defendant exercised enough control to enable him to inflict 13 shallow cuts on the victim. After the defendant finished stabbing his victim, he stole her VCR, returned home, cleaned himself up, and sold the VCR to obtain more crack-cocaine.

These actions are inconsistent with the alleged loss of control from extreme emotional disturbance claimed by the defendant. Thus, the jury could reasonably have rejected the affirmative defense *(see, People v Tolbert,* 214 AD2d 626; *People v Yong Ho*

*Han,* 200 AD2d 780; *People v Marinaccio,* 190 AD2d 819; *People v Fisher,* 177 AD2d 704). Moreover, the jury was entitled to reject the defendant's explanation for his emotional state as so unreasonable that it did not warrant mitigation of the charges *(see, People v Casassa,* 49 NY2d 668, 681, *cert denied* 449 US 842; *People v Checo,* 194 AD2d 410).

The defendant's remaining contentions are without merit. Balletta, J. P., Ritter, Copertino and Friedmann, JJ., concur.