■ The People of the State of New York, Respondent, v J. W. Gaston, Appellant. [633 NYS2d 561] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered December 3, 1992, convicting him of manslaughter in the first degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant shot and killed his brother in 1991. At trial, he proffered an insanity defense, arguing that voices had instructed him to commit the murder. Further, he argued that he was suffering from the delusion that his brother had tried to poison him by putting "roots" on him, and that he was controlled by his brother.

On appeal, the defendant argues that the court's instruction to the jury concerning his affirmative defense of mental disease or defect (see, Penal Law § 40.15) was insufficient to meet the requirements of People v Kohl (72 NY2d 191) because it failed to make clear the People's primary, ultimate, and nontransferable burden of proving intent beyond a reasonable doubt. However, the defendant's exceptions to the court's charge were insufficient to preserve this argument for appeal (see, CPL 470.05 [2]; People v Somers, 78 NY2d 1058). In any event, the court's instruction to the jury, as a whole, complied with the guidelines of People v Kohl (supra) and properly conveyed the correct standard (see, People v Kohl, supra; People v Robson, 197 AD2d 602; People v Somers, 161 AD2d 954, affd 78 NY2d 1058, supra).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Ritter, Copertino and Friedmann, JJ., concur.