■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BERGAMINI, Appellant. [636 NYS2d 396] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered August 19, 1993, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree, and assault in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

On November 22, 1990, the defendant attacked his mother

in the family's kitchen while repeatedly stating, "Die Satan", and fatally stabbed her in the chest. The defendant also attacked his father and sister when they attempted to help the mother, stabbing his father in the back with sufficient force to cause the handle of the knife to break leaving the blade embedded in the father's back. The defendant, *inter alia,* also attacked and injured his maternal uncle in the street outside his home. The defendant presented an insanity defense at his nonjury trial.

On appeal, the defendant contends, *inter alia,* that the evidence established that he was legally insane at the time of the commission of the crimes, and that the People failed to prove the element of intent beyond a reasonable doubt. We disagree with both contentions.

The general rule is that where, as here, conflicting expert testimony is presented, the question of whether or not the defendant suffered from mental disease or defect at the time of the commission of the crime is for the trier of the facts, who has the right to accept or reject the opinion of any expert *(see, People v Yong Ho Han,* 200 AD2d 780; *People v Hamilton,* 186 AD2d 581; *People v Hull,* 162 AD2d 550). The trier of fact could properly infer from the conflicting evidence that the defendant was criminally responsible for his conduct when the crimes in question were committed *(see, People v Robertson,* 123 AD2d 795; *see also, People v McAllister,* 180 AD2d 413; *People v Kasten,* 175 AD2d 884; *People v Ludwigsen,* 159 AD2d 591). In the absence of a serious flaw in the testimony of the People's expert, the trier of fact's finding of sanity will not be disturbed *(see, People v Yong Ho Han, supra; People v Hull, supra; People v Enchautegui,* 156 AD2d 461; *People v Amaya,* 122 AD2d 888).

In the case at bar it is clear that the Trial Judge accepted the testimony of the People's experts who were of the opinion that, despite the defendant's ingestion of the drug "angel dust" prior to his commission of the crime, the defendant knew and appreciated the consequences of his acts, and rejected the testimony of the defense experts who concluded otherwise. In the absence of a serious flaw in the testimony of the People's experts, this Court will not disturb the finding of sanity by the trier of fact.

Furthermore, it is well-established that an intoxicated person may be capable of forming the required intent to commit a crime, and it is for the trier of fact to determine if the extent of the intoxication acted to negate the element of intent *(see, People v Dorst,* 194 AD2d 622; *People v O'Keefe,* 191 AD2d 464; *People v Rivera,* 170 AD2d 625; *People v Robinson,* 161 AD2d

676; *People v Ramirez,* 151 AD2d 617; *People v Lang,* 143 AD2d 685). At bar, the record shows that the defendant acted with the intent to kill.

We have considered the defendant's remaining contentions and find them to be without merit. O'Brien, J. P., Pizzuto, Santucci and Joy, JJ., concur.