■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALIM ESMAIL, Appellant. [688 NYS2d 186] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered March 19, 1996, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Where conflicting expert testimony is presented, the question of whether the defendant suffered from a mental disease or defect at the time of the commission of the crime is one for the jury, which may accept or reject the opinion of any expert (*see, People v Bergamini,* 223 AD2d 548, 549; *People v Yong Ho Han,* 200 AD2d 780). Absent a serious flaw in the testimony of the People's expert, the jury's determination of the defendant's mental condition will not be disturbed (*see, People v Bergamini, supra; People v Yong Ho Han, supra*). The jury clearly accepted the testimony of the People's expert that the defendant, despite his mental illness, was not legally insane at the time of the commission of the crime. As we discern no serious flaw in the testimony of the People's expert, the jury's finding of sanity will not be disturbed (*see, People v Lombard,* 258 AD2d 476; *People v Bergamini, supra; People v Robertson,* 123 AD2d 795; *see also, People v Wood,* 12 NY2d 69).

The hearing court's factual findings and credibility determination are entitled to great deference on appeal (*see, People v Prochilo,* 41 NY2d 759; *People v Gordon,* 242 AD2d 640). The record supports the hearing court's determination that the defendant's waiver of his *Miranda* rights was valid in that he was capable of understanding the immediate meaning of the warnings (*see, People v Williams,* 62 NY2d 285).

Contrary to the defendant's contention, the testimony at the hearing did not establish that the emergency medical service workers were acting as agents of the police (*see,* CPL 60.45 [2] [b] [ii]; *People v Del Duco,* 247 AD2d 487; *People v Jones,* 169 AD2d 986, 987-988). Accordingly, suppression of the defendant's statement to the EMS workers was properly denied.

Since the relationship between the defendant's mental illness and his substance abuse problems was addressed by several of the defendant's own witnesses in their direct testimony, the court did not improvidently exercise its discretion in permitting the prosecutor to cross-examine those witnesses about the defendant's drug use (*see, People v Schwartzman,* 24 NY2d 241, 244, *cert denied* 396 US 846). Nor did the court improperly admit the testimony of the complainant's parents

regarding the severity of their son's injuries, inasmuch as it was relevant to the issue of the defendant's guilt on the two counts of assault in the first degree that were submitted to the jury (*see, People v Scarola,* 71 NY2d 769, 777).

On the whole, the prosecutor's summation was fair comment on the evidence presented at trial (*see, People v Galloway,* 54 NY2d 396; *People v Ashwal,* 39 NY2d 105). To the extent that it might have been preferable if certain remarks had not been made, the defense objections thereto were sustained, and the challenged comments were not so egregious as to constitute reversible error (*cf., People v Leuthner,* 216 AD2d 327). O'Brien, J. P., Friedmann, Florio and McGinity, JJ., concur.