■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH GILLIS, Appellant. [721 NYS2d 690] —Peters, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered August 5, 1997, upon a verdict convicting defendant of the crimes of assault in the first degree, assault in the second degree (four counts) and resisting arrest.

At about 8:30 P.M. on July 7, 1995, defendant's wife, who believed her husband had left their home in the City of Albany a few hours earlier, noticed smoke emanating from the drain of the kitchen sink. Local firefighters pinpointed its source as a pile of smoldering clothing and shoes in the basement. When the firefighters began to ventilate the residence, Laura Mallery, a neighbor, approached and was shot. Police and fire personnel realized that an individual, later determined to be defendant, was lying naked underneath the back porch shooting at them. Robert Cook, a lieutenant paramedic for the Albany Fire Department, grabbed Mallery and dragged her to the garage for cover, suffering a gunshot wound during this effort. Several police officers surrounded the porch and ordered defendant to put down his gun. Ignoring their repeated commands, they ultimately seized defendant and took him into custody; two officers suffered from bite marks inflicted by defendant during the incident. Defendant was transported to the hospital, treated for a drug overdose of cocaine and PCP, and thereafter charged with attempted murder in the first degree, attempted murder in the second degree (two counts), assault in the first degree (four counts), assault in the second degree (two counts) and resisting arrest. At a jury trial, defendant was unsuccess-

ful in proving a lack of criminal responsibility by reason of mental disease or defect. He appeals from his conviction of the crimes of assault in both the first and second degrees and resisting arrest.

Viewing the evidence, the law and the circumstances of this matter in their totality as of the time of defendant's representation, we reject any assertion that he was denied meaningful representation (see, People v Baldi, 54 NY2d 137). Although counsel did not move to set aside the conviction for assault in the second degree as a lesser included offense of attempted murder in the second degree as it related to the shooting of Cook, he did succeed in having one count of the indictment dismissed and defendant acquitted of four other counts. With the record revealing a valiant effort to establish defendant's lack of criminal responsibility, we cannot conclude, as a matter of law, that meaningful representation was not provided (see, People v Baldi, supra).

Defendant's insanity defense also suffered from a failure of proof. Henry Camperlengo, a psychiatrist, evaluated him after the incident and opined that defendant's behavior was triggered by a drug-induced psychosis precipitated by his excessive use of cocaine and PCP. As a result, Camperlengo reasoned that he lacked the capacity to know right from wrong yet later conceded that the psychosis was self-induced and that when defendant was not under the influence of drugs, he exhibited no signs of a functional or "real" psychosis. While defense counsel adeptly elicited contrary testimony from numerous witnesses, defendant's own conduct subsequent to the incident was inconsistent with an individual suffering from a functional psychosis. Aside from the contradictory statements made by defendant to various authorities, Camperlengo conceded that his testing of defendant's personality profile indicated that he may have been exaggerating his symptoms to support his defense. Given this evidence in its totality, the jury was free to reject the defense proffered by defendant (see, People v Washington, 229 AD2d 726, lv denied 88 NY2d 1025; People v McAllister, 180 AD2d 413, lv denied 79 NY2d 1004).

Defendant's alternative theory bodes no better. Asserting that his intoxication should have warranted the verdict to be set aside for a failure to prove, beyond a reasonable doubt, that he was capable of and did form the requisite intent to have committed the crimes for which he was convicted, it remained within the province of the jury, after proper instruction, to accept or reject the defense (see, People v Keller, 246 AD2d 828, lv denied 91 NY2d 1009; People v Gagliardi, 232 AD2d 879).

As we can discern no procedural error in the proffer of this theory to the jury or a lack of sufficient proof, we have no basis upon which we would disturb its finding.

Reviewing and rejecting defendant's remaining contentions to the extent that they were preserved, we affirm the judgment of conviction.

Cardona, P. J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.