■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL ALVES, Also Known as ROLAND ALVES, Appellant. [733 NYS2d 890] —Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered

November 19, 1999, convicting him of murder in the first degree and rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed on the conviction for murder in the first degree shall run concurrently with the term of imprisonment imposed on the conviction for rape in the first degree; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of murder in the first degree is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

On this record, the jury was free to reject the defendant's affirmative defense of extreme emotional disturbance (*see, People v Maher,* 89 NY2d 456; *People v Ayala,* 221 AD2d 457; *see also, People v Casassa,* 49 NY2d 668, *cert denied* 449 US 842).

As the People correctly concede, the sentence imposed on the conviction for rape in the first degree must run concurrently with the sentence imposed on the conviction for murder in the first degree, as the rape constituted the underlying felony for the felony murder conviction, and was a material element of that crime (*see,* Penal Law § 70.25 [2]; *People v Laureano,* 87 NY2d 640, 643; *People v Benitez,* 281 AD2d 487, 488, lv denied 96 NY2d 916).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Santucci, J. P., McGinity, Luciano and Adams, JJ., concur.