People v Fitzrandolph (2018 NY Slip Op 04167)





People v Fitzrandolph


2018 NY Slip Op 04167


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND WINSLOW, JJ.


624 KA 16-00555

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEVIN FITZRANDOLPH, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered December 22, 2015. The judgment convicted defendant, upon a nonjury verdict, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of murder in the second degree (Penal Law
§ 125.25 [1]). Defendant contends that the People failed to establish his guilt by legally sufficient evidence because his intoxication rendered him incapable of forming the requisite criminal intent (see
§ 15.25), and the verdict is against the weight of the evidence with respect to the element of intent. We reject that contention. Although there was evidence at trial that defendant consumed alcohol, marihuana, and LSD prior to the commission of the crime, " [a]n intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent' " (People v Madore, 145 AD3d 1440, 1440 [4th Dept 2016], lv denied 29 NY3d 1034 [2017]). Here, defendant's own expert psychiatrist testified that defendant intended to kill the victim, and the nature and extent of the stab wound was sufficient by itself to establish intent (see People v Tigner, 51 AD3d 1045, 1045 [2d Dept 2008], lv denied 13 NY3d 863 [2009], reconsideration denied 14 NY3d 806 [2010]). Thus, viewing the evidence in the light most favorable to the People, we conclude that it is legally sufficient to establish defendant's criminal intent and, viewing the evidence in light of the elements of murder in the second degree, we conclude that the verdict is not against the weight of the evidence with respect to the element of intent (see generally People v Danielson, 9 NY3d 342, 349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's further contentions that County Court erred in concluding that the insanity defense did not apply (see Penal Law
§ 40.15), and that the verdict is against the weight of the evidence because the testimony of the People's expert was "deeply flawed." The statute provides that a defendant lacks criminal responsibility for a crime by reason of mental disease or defect when, "as a result of mental disease or defect, he [or she] lacked substantial capacity to know or appreciate either: . . . [t]he nature and consequences of such conduct; or . . . [t]hat such conduct was wrong." It is axiomatic that, for the affirmative defense to apply, a defendant's conduct must be the result of his or her mental disease or defect; the defense is not applicable simply because a defendant is afflicted with a mental illness. Here, the People's expert opined that defendant's conduct was principally caused by his drug use rather than his mental illness, while defendant presented the testimony of an expert psychiatrist that defendant's mental illness prevented him from appreciating the wrongfulness of his conduct. Therefore, it was within the province of the court to conclude that the affirmative defense of mental disease or defect did not apply in this instance (see People v [*2]Hadfield, 119 AD3d 1217, 1222-1223 [3d Dept 2014], lv denied 25 NY3d 989 [2015]; People v Gillis, 281 AD2d 698, 699 [3d Dept 2001], lv denied 96 NY2d 918 [2001]; People v Bergamini, 223 AD2d 548, 549 [2d Dept 1996], lv denied 88 NY2d 933 [1996]). "Where, as here, there was conflicting expert evidence concerning criminal responsibility, the [court] was free to accept or reject in whole or in part the opinion of any expert . . . , at least in the absence of a serious flaw in the expert's testimony" (People v Hershey, 85 AD3d 1661, 1662 [4th Dept 2011], lv denied 18 NY3d 883 [2012], cert denied 566 US 1022 [2012] [internal quotation marks omitted]; see People v Stoffel, 17 AD3d 992, 993 [4th Dept 2005], lv denied 5 NY3d 795 [2005]). Inasmuch "[a]s we discern no serious flaw' in the opinion offered by the People's expert, we are unable to conclude that [the court], in crediting such testimony, failed to give the evidence the weight it should be accorded" (Hadfield, 119 AD3d at 1223 [internal quotation marks omitted]; see Gillis, 281 AD2d at 699; People v Moss, 179 AD2d 271, 272-273 [4th Dept 1992], lv dismissed 80 NY2d 932 [1992]).
Finally, defendant's sentence, which is only three years longer than the minimum sentence required by law (see Penal Law § 70.00 [3] [a] [i]), is not unduly harsh or severe.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court