People v Davenport (2023 NY Slip Op 02086)

People v Davenport

2023 NY Slip Op 02086

Decided on April 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2023

Before: Renwick, A.P.J., Webber, Singh, Rodriguez, Higgitt, JJ. 

Ind. No. 3150/15 Appeal No. 17205 Case No. 2019-1029 

[*1]The People of the State of New York, Respondent,
v
Lamar Davenport, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Karen Brill of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alexander Michaels of counsel), for respondent.

Judgment, Supreme Court, New York County (Ellen N. Biben, J.), rendered January 17, 2019, convicting defendant, after a nonjury trial, of manslaughter in the first degree, and sentencing him to a term of 20 years, unanimously affirmed.
The court, sitting as trier of fact in this nonjury trial, correctly declined to consider the affirmative defense of lack of criminal responsibility by reason of mental disease or defect under Penal Law § 40.15. Although it is undisputed that, at the time of the offense, defendant suffered from phencyclidine (PCP)-induced psychosis and that, as a result, he lacked substantial capacity to appreciate the wrongfulness of his conduct, we conclude that defendant's mental state was not the "result of mental disease or defect" within the meaning of the statute since his psychosis was temporary and due only to voluntary use of an illegal substance (see e.g. Commonwealth v DiPadova , 460 Mass 424, 431-432, 951 NE2d 891, 897 [2011] [applying rule derived from Model Penal Code § 4.01]; see also People v Adams , 26 NY2d 129, 134-135 [1970], cert denied 399 US 931 [1970] [describing legislative development of Penal Law § 1120, the predecessor provision to Penal Law § 40.15]). The inclusion of PCP-induced psychosis in the Diagnostic and Statistical Manual of Mental Disorders, while relevant, is not dispositive, because that text does not seek to define "mental disease or defect"—as a legal matter or at all. Defendant's reliance on People v Santarelli (49 NY2d 241 [1980]) is misplaced, because that case addressed a Molineux issue and did not analyze Penal Law § 40.15's scope or the viability of the defendant's amphetamine-induced "temporary insanity" defense. Finally, the present facts are distinguishable from "settled" or permanent mental illness resulting from prolonged substance abuse, for which a defense under Penal Law § 40.15 may be available (see People v Gillis , 281 AD2d 698, 699 [3d Dept 2001], lv denied 96 NY2d 918 [2001]; Latterell v Conway , 430 F Supp 2d 116, 125-126 [WD NY 2006]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2023